UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JUNE FLAHERTY,

    Plaintiff,

v.                                    Case No.: 2:21-cv-728-SPC-MRM

E-GO BIKE, LLC, MOD VANTEN, INC., CHANGZHOU HOALING VEHICLE CO. LTD. and JI ZHAOSHAN,

    Defendants.
_____/

**OPINION AND ORDER**[1]

Before the Court are Defendant E-Go Bike, LLC d/b/a Ecotric's ("Ecotric") Second Amended Motion to Dismiss Plaintiff's Amended Complaint (Doc. 24) and Defendant Mod Vanten, Inc.'s ("Mod Vanten") Motion to Dismiss Plaintiff's Amended Complaint (Doc. 28), along with Plaintiff June Flaherty's Responses in Opposition (Doc. 33; Doc. 34). For the following reasons, the Court grants in part and denies in part the Motions.

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

**BACKGROUND**[2]

This is a products liability action rising from injuries Flaherty sustained while riding her Ecotric electric bicycle ("Bike"). Flaherty says that while riding her Bike, it malfunctioned and came to an immediate stop; she was allegedly thrown over the handlebars onto the concrete and severely injured. (Doc. 3 at ¶ 24).

Flaherty first sued in the Twentieth Judicial Circuit in and for Charlotte County, Florida. She named only Ecotric as a Defendant but later amended the complaint to add defendants Mod Vanten, Changzhou Haoling Vehicle Co. Ltd. ("Changzhou Haoling"), and Ji Zhaoshan.[3] Ecotric then removed the action to this Court.

Both Ecotric and Mod Vanten move this Court to dismiss Flaherty's action by arguing, first, that the Amended Complaint is an impermissible shotgun pleading, and second, that the Amended Complaint fails to state claims upon which relief may be granted.

---

[2] The Court recounts the factual background as pled in the Amended Complaint, which it must take as true to decide whether the Amended Complaint states a plausible claim. *See Chandler v. Sec'y Fla. Dep't of Transp.*, 695 F.3d 1194, 1198-99 (11th Cir. 2012).

[3] Flaherty has not yet served Changzhou Haoling Vehicle Co. Ltd. or Ji Zhaoshan (Doc. 45), so neither prospective defendant has joined the pending motions. For purposes of this Opinion and Order, the term "Defendants" refers only to Ecotric and Mod Vanten.

## LEGAL STANDARD

Together, Federal Rules of Civil Procedure 8 and 10 establish the minimum pleading requirements. A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). And each "party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b).

A defendant can attack a complaint for failing to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). A party must plead more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

In considering a motion to dismiss, a court must accept all factual allegations in a complaint as true and take them in the light most favorable to the plaintiff. *See Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008) (citation omitted). But acceptance of a complaint's allegations is limited to well-pled allegations. *See La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004) (citations omitted).

3

## DISCUSSION

Defendants' motions to dismiss are virtually identical, as are Flaherty's responses in opposition. So the Court will address the arguments simultaneously, unless otherwise specified. The Court starts with Defendants' shotgun pleading arguments.

Shotgun pleadings violate the pleading rules by failing to "give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1323 (11th Cir. 2015). The Eleventh Circuit has identified four varieties of shotgun pleadings: (1) a pleading in which multiple counts each adopt the allegations of all preceding counts; (2) a pleading that uses conclusory, vague, and immaterial facts unconnected to a particular cause of action; (3) a pleading that fails to separate each cause of action or claim for relief into distinct counts; and (4) a pleading that combines multiple claims against multiple defendants without specifying which defendant is responsible for which act. *Clifford v. Federman*, 855 F. App'x 525, 528 (11th Cir. 2021) (citing *Weiland*, 792 F.3d at 1321–23). Dismissing a complaint as a shotgun pleading is appropriate when:

> "It is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief," where the failure to "more precisely parcel out and identify the facts relevant to each claim materially increase[s] the burden of understanding the factual allegations underlying each count," or where the complaint indiscriminately lumps together multiple

> defendants without specifying how each is responsible
> for acts or omissions that give rise to a claim for relief.

*Clifford*, 855 F. App'x at 528 (quoting *Weiland*, 792 F.3d at 1323–25).

Defendants argue the Amended Complaint improperly (1) asserts contradictory allegations within each count, (2) relies on only conclusory and vague allegations without supporting facts, and (3) lumps various theories of liability into each count. The Court disagrees.

Defendants first contend that Flaherty's general allegations contradict the claims made against them. They take specific issue with Flaherty's allegations that Ecotric, Mod Vanten, and Changzhou Haoling were each "in the business of inspecting, testing, distributing, advertising, marketing, importing, and selling a variety of electric mobility products," including Flaherty's Bike. (Doc. 3 at ¶¶ 7, 12, 20). And they contend these so-called competing allegations render Flaherty's causes of action contrary.

But it was not inappropriate for Flaherty to allege that each defendant within the Bike's chain of distribution could be liable, by virtue of its participation in the Bike's distribution, manufacturing, and sale. *Cf. Bailey v. Janssen Pharm. Inc.*, 288 F. App'x 597, 604–05 (11th Cir. 2008) (per curiam) (concluding a complaint that grouped its strict products liability claim against all defendants into one count was not procedurally deficient). Flaherty's general allegations are sufficiently clear to give Defendants—all of whom

allegedly participated in the Bike's distribution, manufacturing, and sale—notice of the alleged conduct underpinning the strict liability and negligence claims levied against them. Because notice is fundamental to the Eleventh Circuit's shotgun-pleading rubric, this argument fails.

Next, Defendants assert Flaherty's factual allegation that the Bike "malfunctioned and came to an immediate stop" (Doc. 3 at ¶ 24) is conclusory, vague, and unsupported because it fails to explain how or why the Bike allegedly malfunctioned and to state each Defendant's role in the malfunction. The Court disagrees.

Flaherty has alleged that the Bike was defective and that, because of that defect, it malfunctioned by coming to an immediate stop while in use. These allegations are sufficient. To require evidence of exactly how or why the Bike malfunctioned would impose a more stringent pleading standard than is required. *Cf. Garcia for Est. of Alvarez v. Wells Fargo Bank Nw. NA Tr.*, No. 10-CV-20383, 2010 WL 11553302, at *2 (S.D. Fla. May 17, 2010) (citing *Cassisi v. Maytag Co.*, 396 So. 2d 1140, 1148 (Fla. 1st DCA 1981)[4] in its resolution of a motion to dismiss and noting the obvious and common-sense inference that when "[a] plane's engines failed in flight . . . a defect in a plane's engines can cause the plane to crash"); *see also Krywokulski v. Ethicon, Inc.*, No. 8:09-CV-

---

[4] By citing *Garcia*, and by extension *Cassisi*, the Court does not address (much less conclude) that a *Cassisi* inference is warranted in this case.

6

980-T-30MAP, 2010 WL 326166, at *3 (M.D. Fla. Jan. 21, 2010) (considering dismissal of a products liability claim involving a hernia patch and concluding plaintiff's allegation that the patch malfunctioned, caused an infection, and forced plaintiff to undergo corrective surgery was sufficient because "mere knowledge of a defect gives defendant enough notice to produce a proper response") (citing *Bailey*, 288 F. App'x at 605). Flaherty has provided enough detail of the Bike's malfunction (*i.e.*, suddenly stopping while in operation) to give Defendants notice and enable their proper response.

Finally, Defendants argue Flaherty's causes of action are each based on various theories of liability and thus violate the pleading requirement that each claim be stated in numbered paragraphs limited to a single set of circumstances. But courts in this district have reasoned that not every count involving multiple claims constitutes a shotgun pleading. *See Howard v. Wells Fargo Bank, N.A.*, No. 6:16-CV-505-PGB-TBS, 2016 WL 3447514, at *3 (M.D. Fla. June 23, 2016); *see also Amegy Bank Nat'l Ass'n v. Deutsche Bank Corp.*, 917 F. Supp. 2d 1228, 1233 (M.D. Fla. 2013). Instead, when a plaintiff's claims arise out of the same transaction or occurrence, she need not separate her claims to provide the defendants with adequate notice. *See Howard*, 2016 WL 3447514, at *3. The Amended Complaint gives Defendants adequate notice of the claims against them and the factual predicates supporting those claims.

7

The Court thus denies Defendants' Motions to Dismiss on the shotgun pleading arguments. It turns next to whether the Amended Complaint plausibly states causes of action for strict liability, breach of warranty, and negligence.

**A. Strict Liability**

"Strict liability is defined as negligence as a matter of law or negligence *per se*; it relieves the plaintiff of the burden of proving specific acts of negligence." *Barrow v. Bristol-Myers Squibb Co.*, No. 96-689-CIV-ORL-19B, 1998 WL 812318, at *27 (M.D. Fla. Oct. 29, 1998) (citation omitted). In Florida, there are three types of strict products liability: design defects, manufacturing defects, and failures to warn. *Force v. Ford Motor Co.*, 879 So. 2d 103, 106 (Fla. 5th DCA 2004). The Court address each in turn.

*1. Design and manufacturing defects*

Counts I and III are strict liability claims, which include allegations of defective design and manufacturing. In Florida, a plaintiff asserting a strict products liability claim must establish "(1) the manufacturer's relationship to the product in question, (2) the unreasonably dangerous condition of the product, and (3) the existence of a proximate causal connection between the condition of the product and the plaintiff's injury." *Cintron v. Osmose Wood Preserving, Inc.*, 681 So. 2d 859, 861 (Fla. 5th DCA 1996) (citation omitted); *see also Bailey*, 288 F. App'x at 605 ("We are not convinced that Florida law applies

8

a rigid distinction among the various theories of recovery available to plaintiffs under strict products liability such that a plaintiff would be required to expressly plead 'design defect' versus 'manufacturing defect' at the complaint stage." (citations omitted)).

Defendants argue Counts I and III should be dismissed because they do not specify which component of the Bike failed and how that failure caused the Bike to be unreasonably dangerous. The Court disagrees for two reasons. First, as explained above, to require evidence of exactly how or why the Bike malfunctioned would impose a more stringent pleading standard than is required. *Cf. Garcia for Est. of Alvarez,* 2010 WL 11553302, at *2; *see also Krywokulski,* 2010 WL 326166, at *3.

Second, Florida has adopted the "consumer expectations" test of Section 402A of the Second Restatement of Torts, which considers whether a product "failed to perform as safely as an ordinary consumer would expect when used as intended or in a reasonably foreseeable manner." *Aubin v. Union Carbide Corp.*, 177 So. 3d 489, 503, 512 (Fla. 2015). The Amended Complaint alleges that while Flaherty was riding the Bike on the sidewalk, it "malfunctioned and came to an immediate stop, causing Ms. Flaherty to be thrown over the handle bars and fall onto the concrete." (Doc. 3 at ¶ 24). Taken as true, these allegations plausibly support the contention that the Bike failed to perform as

9

safely as an ordinary consumer would expect. The claims for design and manufacturing defects in Counts I and III thus survive.

### 2. *Failure to Warn*

Defendants argue the Amended Complaint fails to state a strict liability claim for failure to warn because it does not allege the content of the warning label or describe the warning's inadequacies. For her part, Flaherty presents no meaningful defense.

To establish a viable claim for strict liability failure to warn, a pleading must state the defendant (1) manufactured or distributed the product, (2) failed to "adequately warn of a particular risk that was known or knowable in light of the generally recognized and prevailing best scientific . . . knowledge available at the time of manufacture and distribution," and (3) that the failure proximately caused the plaintiff's injury. *Griffin v. Kia Motors Corp.*, 843 So. 2d 336, 339 (Fla. 1st DCA 2003); *Hoffmann-La Roche Inc. v. Mason*, 27 So. 3d 75, 77 (Fla. 1st DCA 2009). But it is insufficient simply to make conclusory statements about the inadequacy of a warning without a recitation of the contents of the warning, a detailing of information provided to the consumer, or an explanation of how the contents of the warning were inadequate. *Bailey*, 288 F. App'x at 608–09 (affirming dismissal of a strict liability claim for failure to warn).

The Amended Complaint makes a handful of conclusory allegations that pertain generally to a failure to warn claim sounding in strict liability, but it makes no factual allegations about the contents of the warning that did accompany the Bike or explaining how the information provided was inadequate. (Doc. 3 at ¶¶ 37(c), 37(h), 68(c), 68(h)). This is not enough. *See Bailey*, 288 F. App'x at 608–09. For these reasons, the strict liability claims for failure to warn in Counts I and III are dismissed.

### B. Breach of Warranty

Defendants next argue the Amended Complaint fails to allege plausible claims for breach of warranty. They specifically argue Flaherty has failed to plead facts establishing notice, privity, or that Flaherty relied on Defendants' skill and judgment when she bought the Bike.

Flaherty has raised no opposition to this argument, there is no count explicitly alleging breach of warranty in the Amended Complaint, and the allegations mentioning "warranty" can be fairly characterized as surplusage. To the extent that Flaherty invokes this theory, the Court finds there is no plausible claim for breach of warranty. Such a claim is thus dismissed.

### C. Negligence

The elements of negligence in a product liability case are "'(1) the manufacturer was under a legal duty to design and manufacture a product reasonably safe for use, (2) the manufacturer breached that duty, (3) the

11

plaintiff suffered an injury that is legally caused by the manufacturer's breach, and (4) the plaintiff suffered damages.'" *Hummel v. Tamko Bldg. Prod., Inc.*, 303 F. Supp. 3d 1288, 1299 (M.D. Fla. 2017) (quoting *Indem Ins. Co. of N. Am. v. Am. Aviation, Inc.*, 344 F.3d 1136, 1146 (11th Cir. 2003) (per curiam)). Florida law recognizes common law negligence claims based on design defects, manufacturing defects, and failure to warn. *See Godelia v. Doe 1*, 881 F.3d 1309, 1318 (11th Cir. 2018) ("[A] manufacturer's duty to inspect and test . . . is a subpart of a manufacturer's duty to design a product with reasonable care" (internal quotations omitted)); *Mink v. Smith & Nephew, Inc.*, 860 F.3d 1319, 1329 (11th Cir. 2017); *Ford Motor Co. v. Evancho*, 327 So. 2d 201, 204 (Fla. 1976) ("the manufacturer must use reasonable care in design and manufacture of its product to eliminate unreasonable risk of foreseeable injury").

Counts II and IV allege Defendants are liable for negligence based on design defects, manufacturing defects, and failure to warn. But Defendants contend the counts should be dismissed because the Amended Complaint fails to allege facts sufficient to establish the essential elements of a negligence claim. The Court disagrees, at least in part.

Flaherty has properly pled a negligence claim based on design or manufacturing defect. She alleges Defendants had a duty to exercise reasonable care to design, test, inspect, manufacture, and market the Bike, (Doc. 3 at ¶¶ 51, 82); a duty to exercise reasonable care to provide a safe

12

product, (Doc. 3 at ¶¶ 52, 83); and a duty to foreseeable consumers and users to use the same degree of care, diligence, and skill regarding the Bike that similar entities would have exercised (Doc. 3 at ¶¶ 53, 84). Among other ways, Flaherty claims Defendants breached this duty because they knew or should have known of the risks associated with the use and operation of the Bike, (Doc. 3 at ¶¶ 59, 90); and because they designed, manufactured, marketed, distributed, imported, and sold the Bike in an unreasonably dangerous condition, (Doc. 3 at ¶¶ 54(g), 85(g)). Because of Defendants' negligence, Flaherty alleges she suffered injuries, including a lacerated liver, a severe concussion, severe pain on the right side of her body, and mental confusion. (Doc. 3 at ¶ 25). Accepted as true, these allegations establish a plausible claim for negligence based on design or manufacturing defects. To this extent, Counts II and IV survive.

But the same cannot be said of the claims in Counts II and IV for negligent failure to warn. The Amended Complaint generally says that Defendants failed to accompany the Bike with adequate warnings. But it makes no factual allegations either providing the contents of the warning that accompanied the Bike or explaining how the information provided was inadequate. As with its strict liability counterpart, the negligent failure to warn thus fails to state a plausible claim for relief. *See Dye v. Covidien LP, 470 F. Supp. 3d 1329, 1342 (S.D. Fla. 2020)* ("Plaintiff's negligence claim based

13

on inadequate warnings fails for the same reasons his strict products liability failure to warn claim cannot succeed.") (citing *Tsavaris v. Pfizer, Inc.*, No. 1:15-CV-21826-KMM, 2016 WL 375008, at *4 (S.D. Fla. Feb. 1, 2016) ("Tsavaris's negligence claim based on inadequate warnings fails for the same reasons as her strict products liability failure to warn claim")). Flaherty's negligence claims for failure to warn in Counts II and IV are dismissed.

In conclusion, the Court grants Defendants' Motions to Dismiss to the extent that it dismisses only the failure to warn and breach of warranty claims. All other claims survive.

Accordingly, it is now

**ORDERED:**

Defendant Ecotric's Second Amended Motion to Dismiss Plaintiff's Amended Complaint (Doc. 24) and Defendant Mod Vanten's Motion to Dismiss Plaintiff's Amended Complaint (Doc. 28) are **GRANTED in part and DENIED in part**.

1. The Motions are **GRANTED** to the extent that Counts I, II, III, and IV are dismissed without prejudice for failure to warn and breach of warranty claims.

2. The Motions are **DENIED** in all other respects.

3. Flaherty may file a Second Amended Complaint on or before **February 25, 2022**, to which Defendants have until **March 11, 2022** to respond.

**DONE and ORDERED** in Fort Myers, Florida on February 11, 2022.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record